UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON MORALES THOMPSON,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br><br>Respondents. | Case No.:  26-CV-2743 JLS (BJW)<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 6) |

Presently before the Court is Petitioner Anderson Morales Thompson's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 6). Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 8) and Petitioner's Traverse ("Traverse," ECF No. 9). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner Anderson Morales Thompson, a native and citizen of the Dominican Republic, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since October 17, 2025, when he went to an immigration hearing in Boston. Pet. at 3. In 2009, when Petitioner was thirteen years old, he entered the United

26-CV-2743 JLS (BJW)

States as a lawful permanent resident. *Id.* at 2. He has since lived in Boston. *Id.* In 2018 and 2019, Petitioner was convicted of drug-related offenses. *Id.*; Ret., Ex. 2. In 2021, while returning to the U.S. from a vacation in the Dominican Republic, immigration officials told Petitioner he was inadmissible on account of his criminal convictions. Pet. at 2. At that time, immigration officials paroled him into the United States and initiated removal proceedings. *Id.* An immigration judge terminated those proceedings on November 26, 2024. Ret. at 2. On October 17, 2025, Petitioner was released from the Northern New Hampshire Correctional Facility after serving a sentence for selling drugs. *Id.* ICE thereafter detained Petitioner and served him with a Notice to Appear. *Id.*; Pet. at 3. On April 1, 2026, an immigration judge ordered Petitioner removed, a decision which he appealed to the BIA. Pet. at 3. On April 2, 2026, an immigration judge denied Petitioner's request, finding that Petitioner was subject to mandatory detention. Ret. at 3. Petitioner now requests release or, in the alternative, a bond hearing on due process grounds. *See generally Pet.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

26-CV-2743 JLS (BJW)

## DISCUSSION

**I.      Petitioner's Detention**

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because of Petitioner's drug-related convictions for possession of cocaine and fentanyl.  Ret. at 3; *see also* ECF No. 10 ("Suppl. Filing"), Ex. 2.  According to Respondents, because Petitioner's state law convictions involve cocaine and fentanyl, Schedule II controlled substances under 21 U.S.C. §§ 802(6) and 812, § 1226(c) applies. Ret. at 3–4.  Petitioner responds that he is not subject to mandatory detention under § 1226(c) because Respondents have not shown that Petitioner was convicted for possession of cocaine and fentanyl, which falls short of the Immigration and Nationality Act's requirement that the substance underlying an alien's state law conviction for possession must be covered by the Controlled Substances Act.  Traverse at 2–3.

Section 1226(c) provides for the mandatory detention of a noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  Section § 1227(a)(2)(B)(ii) provides for the removability of a noncitizen "who at any time after admission has been convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

Here, Petitioner was convicted of felonies for possession of controlled drugs on October 24, 2019.  Suppl. Filing, Ex. 2 at 6.  The controlled substances at issue were fentanyl and cocaine.  *See id.* at 9, 12.  Fentanyl and cocaine are controlled substances under federal law.  *See* 21 U.S.C. §§ 802(6) and 812.  The Court is not persuaded by Petitioner's argument that Respondents have not shown Petitioner was in possession of federally controlled substances, as the documents related to Petitioner's conviction explicitly state that he was in possession of cocaine and fentanyl.  *See* Suppl. Filing, Ex. 2

26-CV-2743 JLS (BJW)

at 9, 12.  Accordingly, the Court finds that Petitioner is subject to mandatory detention under § 1226(c).

## II.    Due Process

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal.  *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, approximately seven months, without a bond hearing weighs in Petitioner's favor.  Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven

26-CV-2743 JLS (BJW)

months without a bond hearing weighs toward a finding that it is unreasonable.").  The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he "has reason to anticipate significant future detention, as his case is on appeal to the BIA and will likely go to the Ninth Circuit."  Pet. at 12.  The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years.  *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved").  Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest significant delay by Respondents nor Petitioner.  *See* generally Pet.; Ret.  Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 6) and **ORDERS** the Government to provide Petitioner with a bond hearing within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. The Government **SHALL** bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The Court **DENIES** the Amended Petition to the extent it seeks release.  The Parties **SHALL FILE** a Joint Status Report by July 2, 2026, informing the Court of the outcome of the hearing or the status of the hearing if Petitioner requests a continuance.

/ / /

/ / /

/ / /

26-CV-2743 JLS (BJW)

As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 11, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2743 JLS (BJW)